UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x

WILLIAM LOMBARDI,

                Plaintiff,

  -against-

SUFFOLK COUNTY, SUFFOLK COUNTY
SUPPORT COLLECTION, SUFFOLK
COUNTY DEPARTMENT OF
SOCIAL SERVICES, MISS GRANT,
official and individual, JANE DOE,
JOHN DOE, official &
individual,

                Defendants,
---------------------------------x

Civil Action No. 04-1216
(DRH)(AKT)

**MEMORANDUM & ORDER**

**APPEARANCES:**

**William Lombardi**
Plaintiff Pro Se
83-05 98th Street
Woodhaven, NY 11421

**Suffolk County Dept. Of Law**
Attorneys for Defendants
H Lee Dennison Bldg, 5th Floor
100 Veterans Highway
Hauppauge, NY 11788
By: Andrew Gregory Tarantino, Esq.

**HURLEY, Senior District Judge:**

      Plaintiff, William Lombardi, proceeding pro se, commenced this action asserting claims

pursuant to 42 U.S.C.§§ 1983, 1985 and 1986 and alleging that the Defendants violated his equal

protection and due process rights by failing and refusing to properly enforce a support obligation

order that was entered against him.  Presently before the Court is the motion for summary judgment by Defendants Suffolk County, Suffolk County Support Collection, Suffolk County Department of Social Services, Miss Grant, in her individual and official capacities and Jane and John Does, in their individual and official capacities (collectively "Defendants") and Plaintiff's motion for summary judgment.  For the reasons set forth below, Defendants' motion is granted on all of Plaintiff's claims and Plaintiff's motion is denied in its entirety.

## *Background*

The following facts are taken from the parties' submission and are undisputed, unless noted otherwise.

Plaintiff was divorced in Suffolk County, New York in 1991 and was directed to pay child support through the Suffolk County Child Support Enforcement Bureau ("CSEB"). Plaintiff's disability retirement pay from the Marine Corps was also garnished in the amount of $154.00 per month by an income execution issued by the attorney representing Plaintiff's former spouse.

In February 1994 Plaintiff became disabled.  The next month, Plaintiff's former spouse petitioned for enforcement of child support and Plaintiff petitioned for a downward modification of his support obligation.  In December 1994, the Suffolk County Family Court reduced Plaintiff's support obligation to $25 per week retroactive to the date of filing, March 1994. The parties dispute whether Plaintiff's arrears were properly credited in accordance with the Family Court Order.  Defendants contend they properly credited the arrears while Plaintiff contends that he was never given credit for the $154 per month that he paid for the period March 1994 to December 1994.

In 1995, Plaintiff's former spouse applied to the Veteran's Administration ("VA") for an apportionment of Plaintiff's veteran benefits. This action was taken independently from the CSEB. The VA issued a determination awarding the former spouse $100.00 per month for each of two unemancipated children.

After the VA's award, Plaintiff began demanding credit for the child support contributions being made pursuant to the VA award and the $154.00 per month garnishment. The CSEB responded that it could not unilaterally adjust his payments. Between 1996 and June 2001, the CSEB and the County repeatedly advised the Plaintiff that he needed to file a petition in family court to modify his support obligation. Indeed, Plaintiff was given the phone number of the Intake Unit and offered help over the phone with completing the necessary petition. Plaintiff never filed a petition. Accordingly, the CSEB continued to garnish Plaintiff's social security disability for the $25.00 support obligation as ordered in December 1994. It appears, although it is not clear, that the garnishment continued until July 2004 for arrearages. It also appears that the youngest of Plaintiff's children became emancipated in May 2001.

Plaintiff commenced this action on March 24, 2004. According to the amended complaint "jurisdiction of this court is invoked pursuant to 42 U.S.C. 1983, 42 U.S.C. 1985, 42 U.S.C. 1986 and 28 U.S.C. 1343." Plaintiff alleges that he was deprived of due process, equal protection and his property because the Defendants failed to properly credit his support obligation with the VA's award. According to Plaintiff, Defendants knew that "his support obligation was $25/month; the former spouse was indeed receiving $225 a month; combined Veterans Chid support $200/month payment and $25 CSEB Social Security Disability garnishment by CSEB," yet the defendants "keep garnishing the $25/month, intercept tax refunds and levy the plaintiff[']s

3

bank accounts." The relief he seeks includes recalculation of his support account with a refund of the excess amounts paid, an injunction "stopping CSEB from these practices" and monetary damages and "fines."

*Discussion*

## I. Standard for Summary Judgment

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried. *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Delaware & Hudson Ry. Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir.

1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted).

The district court considering a summary judgment motion must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions. *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *Id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not 'implausible.' " *Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587.

When a pro se litigant is faced with a motion for summary judgment, the court must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Camb.*, 174 F.3d 276, 280 (2d Cir. 1999) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, the existence of a mere scintilla of evidence in support of nonmovant's position is insufficient to defeat the motion; there must be

5

evidence on which a jury could reasonably find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## II. The Parties' Contentions

Defendants have moved for summary judgment on several grounds including a lack of jurisdiction,[1] the statute of limitations and failure to state a claim. Plaintiff counters that he has stated claims under the First, Fourth, Fifth and Fourteenth Amendments and that since Defendant's actions continued to 2004, his action is timely. Defendants served a "Notice to Pro Se Plaintiff" in accordance with this Court's Local Rules.

## III. The Section 1983 Violation

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a federal right. *See* § 1983; *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). There is no dispute that these Defendants were acting under color of state law.

---

[1] Defendants maintain that Plaintiff has failed to meet the requisites of federal question jurisdiction as the "outcome of this action is not based upon the interpretation of any federal statute. It simply involves the application of NY State Child Support Standards and collection of support obligations." Defendants' Mem. of Law at p. 9. Because Defendants' argument fails to recognize that Plaintiff is claiming, among other things, a violation of his federal due process rights, the motion for summary judgment is denied to the extent it is premised on a lack of federal jurisdiction.

Included in the complaint are asserted violations of Plaintiff's First and Fourth Amendment rights. Having carefully reviewed Plaintiff's submissions, the Court finds nothing to support the claimed violations of Plaintiff's First or Fourth Amendment rights. Indeed, the First Amendment claim is that Plaintiff "was denied presentation of all relevant evidence at a hearing" (*see* Docket No. 38 at p. 2) and thus is more appropriately addressed as a due process claim. Similarly, the Fourth Amendment claim is that Plaintiff's property was taken "without cause." Again, this claim is more appropriately denoted as due process claims and will be addressed as such.

### 1. Procedural Due Process

The Due Process Clause imposes procedural safeguards on governmental decisions that deprive individuals of liberty or property interests, within the meaning of the Fifth or Fourteenth Amendments. *See Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Thus, to prevail on a procedural due process claim under the Fifth and Fourteenth Amendments, a plaintiff must demonstrate that he was deprived of a protected property or liberty interest. *See Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995). Here, there is no argument as to whether Plaintiff was deprived of a property interest. Rather, Defendants argue that there was a process for redress of Plaintiff's claim that he was entitled to credit against his child support obligation, Plaintiff was advised of that process and even offered assistance with the process, but Plaintiff simply failed to take advantage of that process.

The Due Process Clause only protects "against deprivations without due process of law." *Rivera-Powell v. N.Y. City Board of Elections,* 470 F.3d 458, 464 (2d Cir. 2006) (quoting *Parratt v. Taylor*, 451 U.S. 527, 537 (1981)). "To determine whether a constitutional violation has

occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Rivera-Powell*, 470 F.2d at 464 (quoting *Zinerman v. Burch*, 494 U.S. 113, 126 (1990)). Accordingly, the Court is obligated to examine the process that New York State has provided relative to the situation at bar.

Section 411 of the New York Family Court Act provides that "[t]he family court has exclusive original jurisdiction over proceedings for support or maintenance under this article . . . ." N.Y. Family Court Act § 411.[2] Moreover, the Act provides the family court with continuing jurisdiction over support proceedings. Specifically, it provides, in pertinent part:

> Except as provided in article five-B of this act, the court has continuing jurisdiction over any support proceeding under this article until the judgment is completely satisfied and may modify, set aside or vacate any order issued in the course of the proceeding, provided, however, that the modification, set aside or vacatur shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section. The court shall not reduce or annul any other arrears unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing payment prior to the accrual of the arrears, in which case the facts and circumstances constituting such good cause shall be set forth in a written memorandum of decision.

*See id.* at § 451.[3]

---

[2] Because the New York Supreme Court has "original, unlimited and unqualified jurisdiction," *Kagen v. Kagen,* 21 N.Y.2d 532, 537 (1968), the phrase "exclusive jurisdiction" is precatory and not mandatory. "The Supreme Court has constitutionally guaranteed concurrent jurisdiction over any matter within the jurisdiction fo the Family Court." N.Y. Family Court Act § 411, Practice Commentary at p. 10. When the Supreme Court entertains a support proceeding, it is bound by the substantive and procedural rules set forth in Article 4 of the Family Court Act. *See id.* (citing *Pierot v. Pierot,* 49 A.D.2d 838 (1st Dept. 1975); *Levy v. Levy,* 46 A.D.2d 876 (1st Dept. 1974)).

[3] Article 5-B of the Family Court Act is the Uniform Interstate Family Support Act and is not implicated in this case. The Court notes, however, that Article 5-B does provide a procedure for modification of a support award.

In New York, support collection units like CSEB are established pursuant to section 111-h of the Social Security Law.  A review of that section reveals that except for a one time review of support orders issued prior to September 15, 1989 as provided for in subsection 12, the support collection unit has no authority to downwardly adjust a support order.  N.Y. Soc. Security Law § 111-h.  *See* 88 N.Y. Jur. 2d, Public Welfare § 319; 12 N.Y. Prac., N.Y. Law of Domestic Relations § 25:19.  Support collection units are, however, "authorized and required to report to the family court, when so requested, full information relative to amounts paid or any arrearages by a respondent in a proceeding under articles four, five, five-A or article five-B of the family court act." N.Y. Soc. Security Law § 111-h(10).

Also relevant to this Court's inquiry is §5241 of the New York Civil Practice Law and Rules entitled "Income execution for support enforcement."  Under that section "when a debtor is in default, an execution for support may be issued by the support collection unit, or by the sheriff, the clerk of court or the attorney for the creditor as an officer of the court." N.Y.C.P.L.R. §5241(b). When the execution is issued by a support collection unit, the unit does have authority to review objections to the execution.  When the execution is issued by an attorney, the sheriff or the Clerk of Court, review is by application to the Supreme or Family court. Subsection (e) provides:

> Determination of mistake of fact.  Where the execution has been issued by the support collection unit, the debtor may assert a mistake of fact and shall have an opportunity to make a submission in support of the objection within fifteen days from service of a copy thereof.  Thereafter, the agency shall determine the merits of the objection, and shall notify the debtor of its determination within forty-five days after notice to the debtor as provided in subdivision (d) of this section.  If the objection is disallowed, the debtor shall be notified that the income execution will be served on

> the employer or income payor, and of the time that deductions will
> begin. Where the income execution has been issued by an attorney
> as officer of the court, or by the sheriff, or by the clerk of court, the
> debtor may assert a mistake of fact within fifteen days from service
> of a copy thereof by application to the supreme court or to the
> family court having jurisdiction in accordance with section four
> hundred sixty-one of the family court act. If application is made to
> the family court, such application shall be by petition on notice to
> the creditor and it shall be heard and determined n accordance with
> the provisions of section four hundred thirty nine of the family
> court act, and a determination thereof shall be made. And the
> debtor notified thereof within forty-five days of the application. If
> application is made to the supreme court such application shall be
> by petition on notice to the creditor and, it shall be heard and
> determined in accordance with the provisions of article four of the
> civil practice law and rules, and a determination thereof shall be
> made, and the debtor notified thereof within forty-five days of the
> application.

N.Y.C.P.L.R. § 5241(e).

As set forth above, the Plaintiff had the opportunity to obtain full judicial review of his claim that he should be given credit against his support obligation for the two hundred ($200.00) dollars per month awarded by the VA. Pursuant to § 451 of the Family Court Act plaintiff could have filed a petition to modify, set aside or vacate the child support award of December 1994 in view of the VA award.

Plaintiff also had the opportunity for judicial review of any garnishments pursuant to N.Y.C.P.L.R. 5241(e). To the extent the garnishment was issued by the support collection unit and was reviewable by it, the Plaintiff had available to him the remedy of an Article 78 proceeding to review the actions of the support collection unit. *See N.Y. State NOW v. Pataki,* 261 F.3d 156, 168-69 (2d Cir. 2001) (requiring courts to consider the availability of Article 78 proceedings in determining whether the state had provided procedural due process). To the

extent the garnishment was issued by an attorney, sheriff or clerk of court, Plaintiff had the opportunity to seek review for mistakes of fact by the family court or the supreme court as set forth in CPLR 5241(e).

The availability of these processes satisfies the dictates of due process. *See generally Rivera-Powell*, 470 F.2d at 466-68. Accordingly, Plaintiff's due process claim must fail and Defendants' motion for summary judgment is granted.

### 2. **Substantive Due Process**

To the extent Plaintiff is alleging a "substantive due process" violation, there are no allegations to support such a claim. Substantive due process "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Interport Pilots Agency Inc. v. Sammis,* 14 F.3d 133, 144 (2d Cir. 1994) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Substantive due process rights are violated only when the government has engaged in conduct so egregious it "shocks the conscious." *Rochin v. California*, 342 U.S. 165, 172 (1952). The Supreme Court has "been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992). Conduct that is merely incorrect or ill advised does not meet this high standard. *See Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994).

Even if all of Plaintiff's factual allegations were true, there is nothing in the Complaint that rises to the level of "shocking the conscience." Even if Plaintiff should have been credited with the VA payments the actions of the Defendants do not "shock the conscience" in a manner that typically raises constitutional concerns. *Cf. Scatorchia v. County of Suffolk*, 01 Civ. 3119

(TCP), 2006 WL 218138, *4 (E.D.N.Y. Jan. 24, 2006) ("[E]ven if the touch was a battery, it would not violate her substantive due process rights."); *Bennett v. Pippin*, 74 F.3d 578 (5th Cir1996) (finding that conduct "shocked the conscious" where a sheriff raped a murder suspect); *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720 (3d Cir. 1989) (finding, in the sexual harassment context, that conduct "shocked the conscious" where a teacher committed multiple sexual assaults on his high school students). Indeed, the record reveals that the Defendants advised the Plaintiff of the appropriate available remedy for his contentions and even offered guidance and assistance to enable him to pursue that remedy. The factual allegations in this case are an inadequate predicate for "shocking the conscience." Accordingly, Defendants' motion for summary judgment on the substantive due process claim is granted.

   3. **Equal Protection**

Plaintiff also alleges a violation of his "equal protection" rights. Plaintiff does not present any factual support for his equal protection claim. The Equal Protection Clause of the Fourteenth Amendment guarantees the right to be free from "invidious discrimination in statutory classifications and other governmental activity." *Bernheim v. Litt*, 79 F.3d 318, 323 (2d Cir. 1996) (quoting *Harris v. McRae*, 448 U.S. 297, 322 (1980)). "The Equal Protection Clause [thus] requires that the government treat all similarly situated people alike." *Harlen Assocs. v. Inc. Village of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001). There is no allegation in the Complaint of any "similarly-situated" individuals who were treated differently. To the extent that Plaintiff may be pleading a "class of one" equal protection claim, he also fails to mention it in the Complaint. As such, Plaintiff has failed to state an equal protection claim. Accordingly, Defendants' motion for summary judgment on the equal protection claim is granted.

### 4. Statute of limitations

The statute of limitations for a § 1983 claim is three years. *See, e.g., Jewel v. County of Nassau,* 917 F.2d 738, 740 (2d Cir. 1990). Accordingly, to the extent Plaintiff's 1983 claims accrued prior to March 24, 2001 they are untimely.

## III. The Section 1985 Claim

In Count III, Plaintiff alleges that the Defendants "acted in concert to deprive me of the right to property under the color of state." Section 1985(3) provides in pertinent part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). Thus, to state a cause of action under § 1985(3), Plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999); *see also Traggis v. St. Barbara's Greek Orthodox Church*, 851 F.2d 584, 586-87 (2d Cir. 1988).

As set forth above, Plaintiff has failed to allege any facts to support an equal protection

claim. That failure is fatal to Plaintiff's § 1985 claim. Accordingly the motion for summary judgment on the §1985 claim is granted.

## IV. *The Section 1986 Claim*

It is well-established that a violation of § 1986 is predicated on a violation of § 1985, as the former provides a remedy for the violation of the latter. *See, e.g., Brown v. City of Oneonta, New York*, 221 F.3d 329, 341 (2d Cir. 2000) ("[A] § 1986 claim must be predicated on a valid § 1985 claim . . . ."). Because Plaintiff has not plead a violation of § 1985, he cannot succeed on a § 1986 claim. Moreover, a claim under §1986 must be brought within one year after the cause of action accrued. 42 U.S.C. § 1986. Accordingly, any claim for events occurring prior to March 24, 2003 is untimely. Defendants' motion for summary judgment on the § 1986 claim is granted.

## *Conclusion*

For all of the above reasons, Defendants' motion for summary judgment is GRANTED as to all of Plaintiff's claims and Plaintiff's motion for summary judgment is DENIED. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: February 7, 2007
      Central Islip, New York         /s_____
                                                   Denis R. Hurley,
                                                   United States District Judge